IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT S. VALLELY                                                                                   PLAINTIFF

vs.                                                Civil No. 5:06-cv-05184

MICHAEL J. ASTRUE[1]                                                                            DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

On May 2, 2007, the Defendant filed a Motion to Remand (Doc. No. 15). This motion is unopposed. The Defendant requests a remand so that the Commissioner may conduct further administrative proceedings, update the record, and obtain new medical records and/or testing. Specifically, the Defendant seeks a remand in order to accomplish the following:

> Update the record by obtaining new internal medicine and mental status consultative examinations with psychological testing and medical source statements about what the claimant can still do despite the impairments. The ALJ will request the treating sources, including Drs. Hiett and Phillips to provide additional evidence and medical sources statements. The ALJ will further evaluate the claimant's mental impairments by providing sufficient rationale for the findings in the decision. The ALJ will further consider all evidence of record, including the treating doctors, and the state agency consultants; Drs. Williams and Henderson. The ALJ will further evaluate the claimant's maximum residual functional capacity (RFC), providing a sufficient rationale and specific references to the evidence in support of the assessed limitations. If necessary, the ALJ will obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments. If the claimant is found disabled considering all impairments, the ALJ will consider the claimant's drug addiction and alcoholism (DA & A) and determine whether the claimant's DA & A is a contributing factor material to the determination of the claimant's disability by determining what impairment and resulting limitations remained after excluding the claimant's DA & A. If necessary, the ALJ will obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

base. (Doc. No. 15).

The Court finds this motion is well-taken and should be granted. The Commissioner's decision is reversed and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In addition, the undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice. The Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. This Court directs the ALJ to make additional findings on remand as are necessary to fully and adequately develop the record.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of May, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge